TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK (CBN: 149883)
Assistant United States Attorney
Chief, Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6166
   Facsimile: (213) 894-0142
   E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEIZURE OF $61,300.00 IN U.S. CURRENCY | CR MISC. NO. 21-CM-18 <br><br> EX PARTE APPLICATION TO EXTEND CAFRA DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW J. KLAGES <br><br> [UNDER SEAL] <br><br> [PROPOSED ORDER LODGED CONTEMPORANEOUSLY HEREWITH] |
|---|---|

Pursuant to 18 U.S.C. § 983(a)(3)(A), plaintiff United States of America (the "government") respectfully applies to this Court for an order extending from January 23, 2021, to April 22, 2021, the time in which the United States is required to file a complaint for forfeiture and/or to obtain an indictment alleging forfeiture, against the following property: $61,300.00 in U.S. Currency seized from Keanu Cruz, Sr. ("Cruz") in Paramount, California (the "seized currency"), within the Central District of California.

As explained in more detail below, the seized currency was seized in connection

1  with a joint Drug Enforcement Administration ("DEA") and Hawthorne Police
2  Department ("HPD") money-laundering investigation involving associates of the Cartel
3  Jalisco New Generation Drug Trafficking Organization ("CJNG DTO"). The
4  investigation is ongoing.

5      This application is made on the grounds, as set forth more fully below and in the
6  accompanying declaration of Matthew J. Klages, that good cause exists to extend the
7  complaint filing deadline because filing a complaint for forfeiture would seriously
8  jeopardize the ongoing criminal investigation by potentially alerting the targets of the
9  investigation that they are the subjects of investigation by law enforcement.

10      On January 22, 2021, counsel for the Government notified Cruz, who is not
11  represented, via letter that the Government intends to file this application.

12  DATED: January 22, 2021        NICOLA T. HANNA
                                         United States Attorney
13                                           BRANDON D. FOX
                                         Assistant United States Attorney
14                                           Chief, Criminal Division

15
16                                           /s/
                                         Steven R. Welk
17                                           Assistant United States Attorney

18                                           Attorneys for
                                         United States of America

19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES

I.   STATEMENT OF FACTS

In February 2020, agents and officers of Drug Enforcement Administration ("DEA"), Orange County District Office ("OCDO"), Task Force Group 1 ("TFG1"), along with members of the Hawthorne Police Department ("HPD"), began investigating associates of the money-laundering organization known as the Cartel Jalisco New Generation ("CJNG"). (Klages Dec. at ¶ 3).

On May 5, 2020, due to prior intelligence OCDO TFG1 and HPD had gathered, investigators set up surveillance at Carlos' Barbershop (the "Barbershop") located at 8530 Rosecrans Avenue in Paramount, California. At approximately 10:30 a.m., investigators observed an unidentified Hispanic male ("UM1") removing a vehicle tire from the trunk of a burgundy Kia Optima with paper plates. UM1 rolled the tire towards the front of the Barbershop, where he met with a second Hispanic male, later identified as Keanu Cruz, Sr. ("Cruz"). Cruz took the tire from UM1 and went back into the Barbershop. Following this encounter, investigators saw Cruz leave the Barbershop with two heavily-weighted Fed-Ex boxes, which he placed into a BMW vehicle (CA License. No. 7UTY213). Cruz then got into the BMW and proceeded to drive away. Investigators followed Cruz towards Downtown Los Angeles where he stopped at a FedEx loading dock located at 1931 E. 26th Street in Vernon, CA. (*Id.* at ¶ 4).

As Cruz exited his vehicle, investigators approached Cruz and identified themselves as members of law enforcement. Cruz consented to the investigators searching the BMW and the contents of the Fed-Ex boxes, stating that the boxes contained women's underwear. In fact, investigators discovered $61,300.00 in U.S. currency in the Fed-Ex boxes (the "seized currency") and $3,990.00 in U.S. Currency in another box in the trunk. HPD deployed a narcotics-detecting K9, which alerted to both boxes inside of the vehicle, indicating that the boxes or their contents had recently been in close proximity to a controlled substance. (*Id.* at ¶ 5).

Investigators continued a consensual interview of Cruz about the seized currency, and Cruz stated that he buys boxes of women's undergarments and sells them to a buyer in Guadalajara, Mexico. Cruz further stated that the shipping fees are covered by the buyers in Mexico and that he did not know anything about the seized currency. As Cruz continued, his story changed, and he explained that the boxes were given to him by a "guy" whom he could not or would not identify, but he remained adamant in his statement that he knew nothing about the seized currency. (*Id.* at ¶ 6).

Investigators concluded that there was probable cause to believe that the money represented narcotics proceeds and seized the currency on that basis. Cruz declined ownership of the U.S. currency and signed a disclaimer form. (*Id.* at ¶ 7).

Filing a forfeiture complaint at this time would likely endanger the life or physical safety of cooperating sources and the law enforcement agents who are continuing to investigate the case. The filing of a forfeiture complaint could also provide the targets of the investigation and co-conspirators details regarding the nature and scope of the investigation, and thereby prompt flight from prosecution or destruction of or tampering with evidence. A delay is requested until the conclusion of the investigation.

Timely administrative forfeiture proceedings were initiated by the DEA against the seized currency, and Cruz submitted a timely claim. The government's current deadline to file a civil judicial complaint against the seized currency is January 23, 2021. However, as noted above, the filing of the complaint will require the disclosure of information relating to the investigation that is likely to compromise the ongoing criminal investigation, and may compromise the safety and security of cooperating witnesses and investigating agents.

The government seeks an order extending the filing date of the forfeiture complaint for 90 days pursuant to 18 U.S.C. § 983(a)(3)(a), which specifically authorizes such extensions under circumstances such as those presented here.

II.    THE CIVIL ASSET FORFEITURE REFORMT ACT

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), provides that, when an asset is seized for forfeiture and the government opts to commence administrative forfeiture proceedings, the seizing agency must send notice to the owner of the asset within sixty days after the date of seizure. A person wishing to contest the forfeiture may file a claim with the agency. 18 U.S.C. §§ 983(a)(1)(A)(I) & 983(a)(2)(A). The government has 90 days after the submission of a claim to the seizing agency in which in to file a complaint for forfeiture. 18 U.S.C. § 983(a)(3)(A). This period, however, may be extended by the court for good cause shown or by agreement of the parties. *Id.* "[C]ourts have the authority to grant ex parte applications for time extensions under CAFRA." *United States v. Real Property Located at 475 Martin Lane, 545 F.3d 1134, 1144* (9th Cir. 2008).

### III.  GOOD CAUSE EXISTS TO EXTEND THE CAFRA DEADLINE

CAFRA does not specify what constitutes good cause to extend the deadline to file a forfeiture complaint under section 983(a)(3)(A). However, under section 983(a)(1)(D), relating to extension of the deadline applicable to notice of administrative forfeiture proceedings, the government is entitled to an extension if the sending of notice may have an adverse result, including (i) endangering the life or physical safety of an individual; (ii) flight from prosecution; (iii) destruction of or tampering with evidence; (iv) intimidation of potential witnesses; or (v) otherwise seriously jeopardizing an investigation or unduly delaying a trial. 18 U.S.C. § 983(a)(1)(D).

Those factors are reasonably applied to other extension requests made under the same section, and they support the granting of the request sought here. Based on the information set out in the attached declaration, good cause exists to extend the complaint filing deadline for 90 days until April 22, 2020. The grounds articulated above are among the circumstances under which Congress intended that the deadlines of § 983 should be extended.

As explained in the Matthew Klages declaration, the investigation is ongoing. To the extent that further extensions of the deadline may prove necessary, the government will seek additional time.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant this application and extend to April 22, 2021, the time within which the Government is required to file its complaint for forfeiture against the seized currency.

DATED: January 22, 2021

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

*/s/*
Steven R. Welk
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

## DECLARATION OF MICHAEL ROUSSEVE

I, Matthew J. Klages, being duly sworn, hereby declare and state:

1. I am a Special Agent with the Drug Enforcement ("DEA") assigned to the Los Angeles Field Office.

2. The facts stated below are within my personal knowledge, and I believe all the information to be true.

3. In February 2020, agents and officers of Drug Enforcement Administration ("DEA"), Orange County District Office ("OCDO"), Task Force Group 1 ("TFG1"), along with members of the Hawthorne Police Department ("HPD"), began investigating associates of the money-laundering organization known as the Cartel Jalisco New Generation ("CJNG").

4. On May 5, 2020, due to prior intelligence OCDO TFG1 and HPD had gathered, investigators set up surveillance at Carlos' Barbershop (the "Barbershop") located at 8530 Rosecrans Avenue in Paramount, California. At approximately 10:30 a.m., investigators observed an unidentified Hispanic male ("UM1") removing a vehicle tire from the trunk of a burgundy Kia Optima with paper plates. UM1 rolled the tire towards the front of the Barbershop, where he met with a second Hispanic male, later identified as Keanu Cruz, Sr. ("Cruz"). Cruz took the tire from UM1 and went back into the Barbershop. Following this encounter,

investigators saw Cruz leave the Barbershop with two heavily-weighted Fed-Ex boxes, which he placed into a BMW vehicle (CA License. No. 7UTY213). Cruz then got into the BMW and proceeded to drive away. Investigators followed Cruz towards Downtown Los Angeles where he stopped at a Fed Ex loading dock located at 1931 E. 26th Street in Vernon, CA.

5. As Cruz exited his vehicle, investigators approached Cruz and identified themselves as members of law enforcement. Cruz consented to the investigators searching the BMW and the contents of the Fed-Ex boxes, stating that the boxes contained women's underwear. In fact, investigators discovered $61,300.00 in U.S. currency in the Fed-Ex boxes (the "seized currency") and $3,990.00 in U.S. Currency in another box in the trunk. HPD deployed a narcotics-detecting K9, which alerted to both boxes inside of the vehicle, indicating that the boxes or their contents had recently been in close proximity to a controlled substance.

6. Investigators continued a consensual interview of Cruz about the seized currency, and Cruz stated that he buys boxes of women's undergarments and sells them to a buyer in Guadalajara, Mexico. Cruz further stated that the shipping fees are covered by the buyers in Mexico and that he did not know anything about the seized currency. As Cruz continued, his story changed, and he explained that the boxes were given to him by a "guy" whom he

could not or would not identify, but he remained adamant in his statement that he knew nothing about the seized currency.

7. Investigators concluded that there was probable cause to believe that the money represented narcotics proceeds and seized the currency on that basis. Cruz declined ownership of the U.S. currency and signed a disclaimer form.

8. The filing of a public forfeiture complaint in this matter is likely to endanger the life or physical safety of cooperating sources and those who are continuing to investigate the case. The complaint could also provide the targets of the investigation and co-conspirators yet to be identified with details regarding the nature and scope of the investigation, and thereby prompt flight from prosecution or destruction of or tampering with evidence.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 22 day of January, 2021 in Los Angeles, California.

Matthew J. Klages
Special Agent
Drug Enforcement Administration

12